FILED 25 APR '18 14:49 USDC-ORE

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| United States of America<br>v.<br><br>BRYAN ROSS THOMAS BOYDEN<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)    6:18-MJ- 91-JR<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 2016 - May 2017__ in the county of __Deschutes__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession with Intent to Distribute Methylenedioxymethamphetamine (MDMA) |
| 21 U.S.C. Section 952(a) | Importation of a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit of HSI Special Agent Josh Findley

☑ Continued on the attached sheet.

_____
Complainant's signature

Josh Findley, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/25/2018

_____
Judge's signature

City and state:    Eugene, Oregon     Jolie A. Russo, United States Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:    AFFIDAVIT OF JOSH FINDLEY

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Josh Findley, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) and have been since September 2004. My current assignment is with the Portland Police Bureau (PPB), Drugs and Vice Division (DVD). As a Special Agent of the HSI, my duties and responsibilities have included conducting criminal investigations for possible violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. I have received training on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Bryan BOYDEN, based upon the forgoing facts, I have probable cause to believe that on May 22, 2017, BOYDEN knowingly imported and on May 31, 2017, possessed with intent to distribute a substance containing a detectable amount of Methylenedioxymethamphetamine (AKA MDMA or Ecstasy), and 21 U.S.C. §§ 841(a)(1), 952(a).

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts

set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

4. The Controlled Substances Act (CSA) is the statue prescribing federal U.S. drug policy under which the manufacture, importation, possession, use and distribution of certain substances is regulated. The CSA classified drugs into five schedules. Schedule I drugs, substances or chemicals are defined as drugs with no currently accepted medical use and a high potential for abuse. Schedule I drugs are the most dangerous drugs of all the drug schedules with potentially severe psychological or physical dependence. Methylenedioxymethamphetamine is a Schedule I controlled substance as defined by 21 U.S.C. § 802.

5. Pursuant to 21 U.S.C. § 952(a), it is unlawful to import into the customs territory of the United States, from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter, or ephedrine, pseudoephedrine, or phenylpropanolamine.

6. Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## Statement of Probable Cause

7.  On May 22, 2017, U.S. Customs and Border Protection (CBP) officers in San Francisco located and searched an international parcel at the San Francisco Air Mail facility. This subject parcel, identified as USPS Priority Mail package #RN678530930NL, was imported from the Netherlands with a destination of "Bryan Boyden, 1727 NE Lotus Dr #2, Bend, Oregon 97702". The package did not include any return address or sender information. The Customs declaration attached to the package claimed the package contained 177 grams of "documents." The search resulted in the discovery of eighty-eight grams of Methylenedioxymethamphetamine, also known as MDMA and ecstasy. This determination was made by a presumptive test. MDMA is a schedule I controlled substance as defined by 21 U.S.C. § 802. I know that quantity of MDMA far exceeds typical user amounts; it is almost certainly meant for further sale and distribution.

8.  On May 25, 2017, I transferred the package and its contents to SGT Kent Vander Kamp of the Deschutes County Sheriff's Office for further investigation of the intended recipient of the package Bryan Boyden. At the time, SGT Vander Kamp was a member of the Central Oregon Drug Enforcement Team (CODE).

9.  Through physical surveillance and records checks, the CODE Team was able to establish that Boyden did in fact reside at 1727 NE Lotus Dr #2, Bend, Oregon 97702. Based on the interception of the package and further investigation by CODE, they were able to apply for and receive a search warrant for Boyden and his residence. Prior to executing the search

warrant, the package was delivered to Boyden. However, most of the MDMA had been removed from the package and was replaced with a similar inert substance.

10.     On May 31, 2017, the package was delivered to Boyden's residence. Most of the MDMA had been removed from the package and was replaced with a similar inert substance. The package was physically handed to Boyden, which was confirmed by checking his state issued identification and having Boyden sign a parcel receipt.   After Boyden returned inside his residence, members of CODE executed the search warrant.   CODE Detectives seized the following items of note during the search warrant:

> 152 Dosage Units of Lysergic acid diethylamide (LSD)
> 2 grams of Psilocybin
> Detailed Drug Records over several months
> Digital Scales
> Measuring Spoons
> Seven Firearms
> 4,256.9 grams of silver
> 1,202.2 grams of gold
> The package and its contents

11.     Boyden shredded the Subject Parcel packaging as Detectives made entry into his home. Boyden stated he shredded the package because he knew it was illegal. CODE Detectives later retrieved the shredded material from his commercial shredder and booked it into evidence.

12.     Detectives advised Boyden of his Miranda Rights, which he acknowledged that he understood.   During an interview, Boyden admitted to ordering the package containing MDMA from a supplier in the Netherlands. He also stated that he has purchased MDMA and LSD from the same supplier in the Netherlands on at least three previous occasions.   Boyden used darknet marketplaces to order the drugs and used Bitcoin to purchase the drugs in an attempt to further protect himself from detection.

13. The Federal Bureau of Investigation (FBI) conducted an analysis of the drug records that were seized during the search warrant. The records indicate that, between November 2016 and May 2017, Boyden distributed cocaine, LSD, and mushrooms, in addition to over 90 grams of MDMA.

## Conclusion

14. Based on the foregoing, I have probable cause to believe, and I do believe, that Bryan BOYDEN knowingly and intentionally imported, possessed with intent to distribute, and distributed a substance containing detectable amounts of Methylenedioxymethamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 952(a). I therefore request that the Court issue a criminal complaint and arrest warrant for Bryan BOYDEN.

15. Prior to being submitted to the Court, this affidavit, the accompanying application and the requested arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Gavin Bruce, AUSA Bruce advised me that in his opinion the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

JOSH FINDLEY
ICE-HSI Special Agent

Subscribed and sworn to before me this 25th day of April 2018.

JOLIE A. RUSSO
United States Magistrate Judge

Page 5 – Affidavit of HSI SA JOSH FINDLEY                USAO Version Rev. June 2017